# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM C. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-1327 JAR |
| | ) |
| GENERAL MOTORS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's response to the Order to Show Cause issued on June 12, 2019. Because this Court lacks jurisdiction over plaintiff's complaint, the Court will dismiss this action for lack of jurisdiction and because the allegations are factually frivolous. *See* Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff filed the instant action on May 17, 2019, as a four-page handwritten complaint. He alleged that defendant General Motors ran his aircraft company out of business in 1994 through competitive business practices. His allegations were somewhat difficult to discern, but the gist appeared to be that he was forced to sell off a highly "classified secret" to defense competitors, which apparently caused lay-offs in his business. Plaintiff stated that he wished to refer this matter to government prosecutors.

Because plaintiff did not indicate the jurisdictional basis for bringing the present action,[1] the Court issued an Order to Show Cause on June 12, 2019 requiring plaintiff to state the jurisdictional basis under which he was bringing the present lawsuit.[2]

### Discussion

In his response to the Order to Show Cause, plaintiff asserts that he is a relation of the late Howard Hughes. Plaintiff has also included forty-five typed pages of non-sensical ramblings that do not address the issue of this Court's jurisdiction. Rather, much of what is included in the response is incoherent and appears to be factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic.").

As the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable, and there is no indication that diversity jurisdiction exists, this action should be dismissed for lack of jurisdiction. The action is also subject to dismissal as factually frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** as both factually frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed.R.Civ.P.12(h)(3).

---

[1] Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

[2] Plaintiff was informed that initiation of a federal criminal prosecution is a discretionary decision within the executive branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #7] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall be entered forthwith.

Dated this 23rd day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE